**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4412

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALBERTO DIAZ-FERNANDEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:16-cr-00035-FDW-DCK-1)

Submitted: April 28, 2017                          Decided: May 5, 2017

Before WILKINSON, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Parke Davis, Interim Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alberto Diaz-Fernandez pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (2012). The district court sentenced Diaz-Fernandez to 121 months' imprisonment, a sentence at the bottom of the applicable Guidelines range. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Diaz-Fernandez's sentence is reasonable. Although notified of his right to do so, Diaz-Fernandez has not filed a pro se brief. After careful consideration of the entire record, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively reasonable if it is within the properly calculated Guidelines range, and this "presumption can only be rebutted by showing that the sentence is

unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

The record establishes that Diaz-Fernandez's sentence is procedurally and substantively reasonable. The district court properly calculated Diaz-Fernandez's offense level, criminal history, and Guidelines range. The court afforded the parties an adequate opportunity to make arguments about an appropriate sentence, and the court's explanation for its sentence was individualized and detailed. In discussing the § 3553 factors, the court expressly considered each of the arguments Diaz-Ferndanez offered for a below-Guidelines sentence.

Further, Diaz-Fernandez cannot overcome the presumption of substantive reasonableness accorded to his sentence at the bottom of the applicable Guidelines range. Diaz-Fernandez does not suggest, and the record does not indicate, that the court's individualized sentence was unreasonable in view of the totality of the circumstances.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Diaz-Fernandez's conviction and sentence. This court requires that counsel inform Diaz-Fernandez, in writing, of the right to petition the Supreme Court of the United States for further review. If Diaz-Fernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Diaz-Fernandez. We dispense with oral argument because the facts and legal contentions

3

are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*